UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL KENT BROWN,

        Petitioner,                          Case Number: 1:20-cv-13198
                                                                   Honorable Thomas L. Ludington

v.

JEFFREY HOWARD, warden,[1]

        Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Michael Kent Brown, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction for assault with intent to do great bodily harm less than murder, in violation of MICH. COMP. LAWS § 750.84, for which he was sentenced to prison for a term of six to 20 years. Petitioner presents four grounds for habeas relief. First, Petitioner argues that he was convicted with insufficient evidence. Second, Petitioner alleges that his trial counsel was ineffective for proceeding to trial without an adequate trial strategy and without adequately investigating the circumstances of the case. Third, Petitioner argues his sentence was unreasonable and disproportionate, in violation of the Fourth Amendment. Finally, Petitioner argues his trial

---

[1] The proper respondent in a habeas case is the petitioner's custodian, that is, the warden of the facility where he or she is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a) foll. 28 U.S.C. § 2254. And although Petitioner's Habeas Petition lists Mike Brown as the Respondent, he is no longer the current warden of Kinross Correctional Facility. The current warden is Jeffrey Howard. *Kinross Correctional Facility (KCF)*, MICH. DEP'T OF CORR. https://www.michigan.gov/corrections/prisons/kinross-correctional-facility (last visited Dec. 10, 2023) [https://perma.cc/8V44-G7K6].

counsel was ineffective, this time claiming trial counsel failed to interview certain witnesses and obtain certain evidence before trial. Because Petitioner has not shown that the Michigan Court of Appeals, in denying these claims, rendered a decision that was contrary to or unreasonably applied federal law, Petitioner's Petition for Writ of Habeas Corpus will be dismissed with prejudice, a certificate of appealability will be denied, and Petitioner will be denied leave to appeal *in forma pauperis*.

I.

The following facts as recited by the Michigan Court of Appeals are presumed correct on habeas review. *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009); 28 U.S.C. § 2254(e)(1).

> The victim in this matter . . . was a neighbor of [Petitioner]. They became friends in the summer of 2016, but they never dated. They would occasionally hang out, and [the victim] had once slept on the couch at [Petitioner's] apartment when the power was out at her house. They were together on the night of January 28, 2017, when [Petitioner] abruptly told [the victim] that "now it [was] time to get naked." [The victim] said no, and [Petitioner] proceeded to punch [the victim] repeatedly in the face. She fell to the ground where [Petitioner] began to kick her. [The victim] eventually managed to escape from [Petitioner's] apartment, and . . . ran to a nearby friend's house, leaving behind her keys, wallet, cell phone, and pepper spray. After someone called 911, and [the victim] was taken to the hospital, she was diagnosed with fractures to her ribs, vertebrae, right orbital bone, and wrist. Some of those injuries had not healed by the time of [Petitioner's] trial.
>
> Immediately after jury selection, [Petitioner's] appointed counsel advised the trial court that [Petitioner] was dissatisfied with his representation because counsel refused to call certain witnesses. The trial court refused to provide substitute counsel, stating that assigned counsel was experienced and competent, the request was untimely, and the disagreement was over strategy. At trial, [Petitioner] testified on his own behalf that [the victim] . . . attacked him with a hammer during a disagreement. [Petitioner] claimed that he. . . punched [the victim] in the face to force her to let go of the hammer. Her other injuries were caused by accidental falls.

*People v. Brown*, No. 344704, 2019 WL 2552683, at *1 (Mich. Ct. App. June 20, 2019).

The jury found Petitioner guilty of assault with intent to do great bodily harm less than murder, and Defendant—a four-time habitual offender—was sentenced to prison, for a term of six to 20 years. *Id.*; *see also* ECF No. 1 at PageID.39.

Petitioner appealed his conviction arguing (1) there was insufficient evidence to convict because the prosecution did not exclude the possibility that he acted in self-defense beyond a reasonable doubt, *see id.* at *1-3; (2) the trial court abused its discretion in denying his request to substitute counsel, *see id.* at *3–4; (3) his trial counsel was ineffective for failing to thoroughly investigate, present exculpatory evidence, and for failing to advance a sound trial strategy, *see id.* at *4-5; and (4) his sentence was disproportional, unreasonable, and constituted cruel and unusual punishment. *Id.* at *5–7. But the Michigan Court of Appeals rejected all arguments and affirmed Petitioner's conviction. *See generally id.* at *1–7. And the Michigan Supreme Court denied leave to appeal. *People v. Brown*, 935 N.W.2d 328 (Mich. 2019).

Then, on November 25, 2020, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1, asserting the following as grounds for relief:

1. Petitioner was convicted on insufficient evidence.[2] *Id.* at PageID.43.
2. Trial counsel was ineffective for proceeding to trial "without any form of trial strategy" and for failing to adequately investigate the circumstances of the case. *Id.* at PageID.45.
3. Petitioner's sentence was unreasonable and disproportionate. *Id.* at PageID.46.
4. Trial counsel was ineffective for failing to interview certain witnesses before trial. *Id.* at PageID.48.

**II.**

The following standard of review applies to § 2254 habeas petitions:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

---

[2] When articulating the facts supporting this claim, Petitioner asserts—like he did at trial and on appeal—that he punched the victim in self-defense to gain control of a hammer. *See* ECF No. 1 at PageID.43.

- 3 -

>claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it either (1) applies a standard different than what Supreme Court precedent instructs to apply or (2) applies the correct precedent to materially indistinguishable facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 397, 405–06, 413 (2000). But a state court decision that applies a state-law standard is not "contrary to" clearly established federal law if the state standard is practically similar to Supreme Court precedent. *See Robertson v. Morgan*, No. 20-3254, 2020 WL 8766399, at *4 (6th Cir. Dec. 28, 2020) (holding state decision was not "contrary to" because it applied a state-law standard bearing "some similarity" to the *Brady* standard).

The Antiterrorism and Effective Death Penalty Act's habeas provisions, 28 U.S.C. § 2255, "impose[] a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). Indeed, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). )). In this way, to obtain habeas relief in federal court, a state prisoner must show that the state court's denial "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. A "readiness to attribute error [to a state court] is inconsistent with the

presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

Federal courts also presume that state courts correctly analyze the facts. Indeed, a state court's factual determinations are presumed correct on federal habeas review and this presumption of correctness can only be rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). And for claims which the state court adjudicated on the merits, federal habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

#### A. Insufficient Evidence Claim

Petitioner first argues that there was insufficient evidence to support his conviction because the prosecution did not prove that Petitioner did not act in self-defense when assaulting the victim. *See* ECF No. 1 at PageID.43. But this claim is not cognizable on habeas review and, even if it was cognizable, it fails.

In Michigan, self-defense is an affirmative defense, *People v. Dupree*, 788 N.W.2d 399, 406 (Mich. 2010), and does not—even when properly raised and proved—negate the specific elements of a crime. *Id.* at 405 n.11; *People v. Lemons*, 562 N.W.2d 447, 453 n. 15 (Mich. 1997). And although Michigan law requires the prosecution to *disprove* a claim of self-defense, *see Dupree*, 788 N.W. 2d at 401, 408, the prosecution is not required to *prove* the *nonexistence* of self-defense. *Smith v. United States*, 568 U.S. 106, 110 (2013) ("Proof of the nonexistence of all affirmative defenses has never been constitutionally required." (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977))). Thus, Petitioner's claim is not cognizable on habeas review. *Sutton v. Parish*, No. 20-1831, 2021 WL 688843, at *2 (6th Cir. Feb. 5, 2021) (finding Michigan habeas

petitioner's claim that the prosecution failed to present sufficient evidence that he did not act in self-defense when shooting a victim was not cognizable).

Even if Petitioner's claim was cognizable, habeas relief would still be denied. Courts analyzing a sufficiency-of-evidence claim on habeas review afford "two layers of deference"— "one to the jury verdict, and one to the state appellate court." *Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017). Accordingly, reviewing courts ask first "whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)) (emphasis in original). And, even if the reviewing court concluded "that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt," the Court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* (emphasis omitted)

Here, even if this Court were to conclude that a rational trier of fact could not have found Petitioner guilty beyond a reasonable doubt—a conclusion this Court does not reach—the Michigan Court of Appeals already rejected Petitioner's insufficient-evidence claim, and did so reasonably. When denying Petitioner's insufficiency of evidence claim on appeal, the Michigan Court of Appeals stated:

> [The victim's] testimony and the 911 recordings are sufficient to establish beyond a reasonable doubt that [Petitioner] did not act in self-defense. [The victim] testified that [Petitioner] attacked her unprovoked. She denied trying to hit [Petitioner] with a hammer and testified that [Petitioner] grabbed the hammer instead. [The victim's] testimony establishes that she did not attack [Petitioner] prior to his assault, so [Petitioner] could not have been attempting to protect himself from any harm. When [Petitioner] called 911 to complain that [the victim] was stealing from him, he did not mention that [the victim] had attacked him. He also specifically stated that no weapon was present. A recording of the call was played for the jury, and [the victim] could be heard moaning in the background that she wanted to go home, corroborating [her] version of events. That evidence was sufficient to defeat [Petitioner's] self-defense claim. The fact that [Petitioner] does not believe [the

> victim's] testimony or provided conflicting testimony is immaterial; the jury determined that [the victim's] testimony was more credible than [Petitioner's], and this Court must not interfere with that determination.

*Brown*, 2019 WL 2552683, at *3.

This Court will not interfere with that determination, either. Under Michigan law, an individual is privileged to use force in self-defense if the individual honestly and reasonably believes that the use of force is necessary to prevent imminent serious bodily harm or death. MICH. COMP. LAWS § 780.972. When viewed in the light most favorable to the prosecution, the record supports the Michigan Court of Appeals' decision that a jury reasonably could have determined that Petitioner was not in fear of suffering great bodily harm or losing his life when he used force against the victim.

In sum, Petitioner's insufficient-evidence claim is not cognizable; and even if it was, a rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt and the Michigan Court of Appeals prior rejection of this very argument was reasonable.

### B. Ineffective Assistance of Counsel Claims

Petitioner next argues that his trial counsel was constitutionally ineffective, claiming that counsel (1) failed to adequately investigate the case; (2) failed to interview and call witnesses including Daryl Tucker, who Petitioner believed had exculpatory evidence; (3) did not develop a sufficient defense strategy; (4) did not present a diagram of Petitioner's apartment at trial; and (5) did not obtain recordings and transcripts of two 911 calls and the victim's medical records. *See* ECF No. 1 at PageID.45, 48. But Petitioner has not shown that the Michigan Court of Appeals—in rejecting Petitioner's prior ineffective assistance of counsel claims—reached a decision that was contrary to or unreasonably applied binding Supreme Court precedent.

In *Strickland v. Washington*, the Supreme Court promulgated the preeminent "performance and prejudice" test for whether a counsel's representation is constitutionally sufficient. A criminal defendant—or habeas petitioner—asserting ineffective assistance must show (1) that counsel's performance was objectively deficient, and (2) that the defendant was prejudiced as a result. *Strickland v Washington*, 466 U.S. 668, 687 (1984).

Here, since the Michigan Court of Appeals already considered and rejected Defendant's ineffective assistance of counsel claims, *People v. Brown*, No. 344704, 2019 WL 2552683, at *4–6 (Mich. Ct. App. June 20, 2019), Petitioner must show that the Michigan Court of Appeals decision was contrary to, or unreasonably applied the *Strickland* standard. And this showing is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (*quoting Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). The *Strickland* standard is "all the more difficult" for a habeas petitioner to meet because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

When rejecting Petitioner's ineffective assistance argument on appeal, the Michigan Court of Appeals stated:

> [Petitioner's] contentions do not overcome the strong presumptions that his trial counsel's actions were sound trial strategy and that he received a substantial defense. . . .[Petitioner] contends that counsel failed both to investigate his proposed witnesses and to request the 911 calls that [Petitioner] made. However, the record reflects that counsel interviewed the maintenance man that [Petitioner] wanted to testify, and he requested the 911 calls from the prosecution, which were played at trial. Thus, counsel appears to have performed the investigation that [Petitioner] claims counsel omitted. [Petitioner also] claims that counsel should have performed various other tasks, such as investigate why the police never responded to his 911 calls or interview other unidentified witnesses[.] [But Petitioner] does not explain

> what beneficial evidence might have been discovered as a result. [Petitioner] has therefore not adequately established the factual predicate for his claim, or, consequently, proven that counsel's alleged failure to investigate either was prejudicial to [him] or fell below an objective standard of reasonableness.
>
> [Petitioner] also contends that he was denied effective assistance of counsel by counsel's failure to call the maintenance man [Daryl Tucker]; a witness who [Petitioner] claims had potentially exculpatory evidence. However, the record reflects that counsel decided against calling [Tucker] to testify because counsel believed that the testimony would harm [Petitioner's] case more than help it. Merely alleging that the maintenance man had exculpatory evidence does not overcome the strong presumption that counsel's actions were sound trial strategy. Consequently, this Court cannot substitute its opinion for that of trial counsel. Furthermore, [Petitioner] does not explain what [Tucker's] testimony would have been, other than [his] statement to [Petitioner] that the police would arrest him because of [the victim's] condition. That testimony seems more incriminating than exculpatory. Additionally, the prosecution indicated that it would object to calling [Tucker] as a witness, because he was neither an eyewitness nor an alibi witness, and [Petitioner] had not provided notice. This casts serious doubt on whether [Petitioner] would have succeeded if he had tried to call [Tucker]. Again, [Petitioner] has not provided factual support for his claim and therefore has not established that he was deprived of a substantial defense.

*Brown*, 2019 WL 2552683, at *5 (internal citations omitted).

Petitioner has not presented any facts showing that his trial counsel's *consultation* was defective, nor has he alleged with specificity how his case was prejudiced as a result of the alleged lack of consultation. *See Bowling v. Parker*, 344 F. 3d 487, 506 (6th Cir. 2003) (finding trial counsel who only met with defendant for less than one hour had not rendered deficient performance because defendant did not show how additional consultation would have altered the trial's outcome). On the contrary, as the Michigan Court of Appeals found, the record suggests that Petitioner's trial counsel was well prepared for trial, presented a logical defense theory, and actively represented Brown's interests. *See Brown,* 2019 WL 2552683, at *5.

The same result for Petitioner's argument that his trial counsel's *preparation* was defective and that his counsel failed to sufficiently investigate. To show that a failure to prepare or investigate was unconstitutionally defective, a habeas petitioner must articulate some evidence that

counsel should have pursued and how this evidence would have aided the petitioner's defense. *See Hutchison v. Bell*, 303 F.3d 720, 748 (6th Cir. 2002). Although Petitioner points specifically to one witness he claims counsel should have investigated and called to testify—Daryl Tucker—Petitioner has not shown what Tucker would have testified to at trial, let alone that Tucker's testimony would have been favorable. *See* ECF No.1 at PageID.48. Thus, Petitioner has not shown ineffective assistance of counsel, on this ground, to warrant habeas relief. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) ("[C]onclusory and perfunctory . . . claims of [ineffective assistance of counsel] are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief.").

Lastly, Petitioner also fails to show that his trial counsel performed deficiently by not obtaining the victim's medical records or presenting a diagram of his apartment building at trial. As a threshold matter, the medical records were admitted into evidence and there is no indication that counsel had not previously seen or obtained them. ECF No. 9-8, PageID.430. Further, Petitioner posits that the medical records may have supported his theory that the victim's injuries were caused by a fall down the stairs, rather than Petitioner's assault. ECF No. 1 at PageID.57. But Petitioner does not show *how* and his conclusory assertion does not establish ineffective assistance of counsel to warrant habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (allegations of ineffective assistance of counsel without evidentiary support cannot support a claim for habeas relief). Petitioner's claim that counsel was ineffective for failing to provide a diagram or photos of the layout of his apartment complex fails for the same reason.[3]

---

[3] Notably, the record suggests that the layout of Petitioner's apartment was undisputed at trial. *See generally* ECF No. 9-7.

In sum, Petitioner's conclusory claims are insufficient to overcome the "strong presumption" that counsel rendered effective assistance. *Strickland*, 466 U.S. at 689; *see also McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007). Because Petitioner has not shown that the Michigan Court of Appeals' rejection of Petitioner's prior ineffective assistance of counsel claims was contrary to or unreasonably applied federal law, Petitioner's claim for habeas relief on these grounds will be denied.[4]

### C. Eighth Amendment Sentencing Claim

Finally, Brown argues that his sentence was unreasonable and disproportionate, in violation of the Eighth Amendment and is disproportionate to his offense, because he "was [47] years old at the time of sentence[,]" acted in self-defense, and had a prior head injury. *See* ECF No. 1 at PageID.46. The Michigan Court of Appeals rejected this claim finding that the trial court did not err in calculating Petitioner's Sentencing Guideline range and that Petitioner had not shown any unusual circumstances that would render his presumptively proportionate sentence disproportionate. *See* People v. Brown, No. 344704, 2019 WL 2552683, at *5-7 (Mich. Ct. App. June 20, 2019). Petitioner has not shown that this conclusion was unreasonable nor contrary to federal law.

"A sentence imposed within the statutory limits is not generally subject to habeas review." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). Indeed, a sentence within the statutory maximum "does not normally constitute

---

[4] Although unclear, to the extent that Petitioner also argues that the trial court abused its discretion in denying his motion for substitute counsel, this claim also fails to warrant habeas relief. To succeed on this claim, a habeas petitioner must show "that the refusal to appoint new counsel resulted in a denial of effective assistance of counsel[.]" *Peterson v. Smith*, 510 F. App'x 356, 366-67 (6th Cir. 2013). But, as discussed, Petitioner has not shown that his trial counsel was ineffective in the first instance.

cruel and unusual punishment" in violation of the Eighth Amendment. *Id.* (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000)). Generally, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole[,]" *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995), and when a court does engage, "federal habeas review of a state court sentence [typically] ends" once the court concludes that the state sentence is "within the limitation set by statute." *Doyle*, 347 F.Supp. 2d at 474.

Further, "the Eighth Amendment does not require strict proportionality between crime and sentence. Instead, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality challenges must afford considerable deference to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473–74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). If the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Petitioners' sentence did not exceed the statutory maximum for his crime. *See* MICH. COMP. LAWS §§ 750.84, 769.12 (allowing a four-time habitual offender to be sentenced to life imprisonment for assault with intent to do great bodily harm less than murder). And the Michigan Court of Appeals reasonably concluded that Petitioners head injury, age, and self-defense theory did not present an "extraordinary case" of disproportionality or compelling unusual circumstances

sufficient to find an Eighth Amendment violation. *See* People v. Brown, No. 344704, 2019 WL 2552683, at *6 (Mich. Ct. App. June 20, 2019).

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes the above-captioned case.**

Dated: December 14, 2023                             s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge